02-10-476-CR












 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO.
 02-10-00476-CR

 


 
 
 CHARLES EMANUEL JONES
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

----------

 

FROM THE 367TH District Court OF denton COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

         
Appellant Charles Emanuel Jones entered an open plea of guilty to felony
driving while intoxicated (DWI).[2]  The trial court found Appellant guilty,
conducted a sentencing hearing, and sentenced him to twenty-five years’
confinement.[3]


         
Appellant’s court-appointed appellate counsel has filed a motion to withdraw as
counsel and a brief in support of the motion.  In the brief, counsel avers
that, in his professional opinion, this appeal is frivolous.  Counsel’s
brief and motion meet the requirements of Anders v. California, 386 U.S.
738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the
record and demonstrating why there are no arguable grounds for appeal.[4]  We gave Appellant an opportunity to
file a pro se brief, and Appellant filed a pro se brief that raises two points.[5]  The State did not file a brief.

         
After an appellant’s court-appointed counsel files a motion to withdraw on the
ground that the appeal is frivolous and fulfills the requirements of Anders,
this court is obligated to undertake an independent
examination of the record.  See Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); Mays v. State,
904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no
pet.).  Only then may we grant counsel’s motion to withdraw.  See Penson v. Ohio, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351
(1988).

         
Because Appellant entered an open plea of guilty, our independent review for
potential error is limited to potential jurisdictional defects, the
voluntariness of Appellant’s plea, error that is not independent of and
supports the judgment of guilt, and error occurring after entry of the guilty
plea.  See Monreal v. State, 99 S.W.3d 615, 620 (Tex. Crim.
App. 2003).

         
We have carefully reviewed counsel’s brief, Appellant’s pro se brief, and the
appellate record.  We agree with counsel that this appeal is wholly
frivolous and without merit; we find nothing in the record that arguably might
support any appeal.  See Bledsoe v. State, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). 
Accordingly, we grant counsel’s motion to withdraw and affirm the trial court’s
judgment.

 

PER CURIAM

 

PANEL: 
GARDNER, DAUPHINOT, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED: November 23, 2011



 









         
[1]See Tex. R. App. P. 47.4.





[2]Appellant
was charged with felony DWI based on two prior DWI convictions.  See Tex. Penal Code Ann. §
49.09(b)(2) (West Supp. 2011) (providing that DWI is a third-degree felony if it is shown that the
defendant was twice previously convicted of DWI
offenses).





[3]Appellant’s
potential sentencing range was enhanced from that of a third-degree felony to
that of a first-degree felony based on a January 1990 felony conviction for
burglary of a habitation and a September 1990 felony conviction for
escape.  See Tex. Penal Code Ann. § 12.42(d) (West Supp. 2011)
(setting sentencing range at twenty-five to life for felony conviction with two
prior felony convictions).  





[4]In
the brief, Counsel presented an “arguable” point of error concerning the
admission of two documents but explained in detail why the alleged error is
harmless.





[5]Appellant
contends in his first point that his sentence was improperly enhanced by using
his two prior DWI convictions both to enhance the
offense to a third-degree felony and to enhance the punishment range to that of
a first-degree felony, but Appellant omits that the State alleged and proved
two other prior felonies that were used to enhance his sentence to that of a
first-degree felony.  Appellant argues in his second point that his
twenty-five year sentence is disproportionate, but it is the minimum he could
have received under these circumstances.  See Tex. Penal Code Ann.
§ 12.42(d).